650

## SLAUGHTER v. MADISON et al.
### No. 8293.

United States Court of Appeals for the District of Columbia.

Decided Feb. 8, 1943.

Writ of Certiorari Denied June 7, 1943.
See 63 S.Ct. 1331, 87 L.Ed. ——.

Mr. Elwood G. Hubert, of Washington D. C., for appellant.

Mr. George E. C. Hayes, of Washington, D. C., with whom Mr. Chauncey D. Artis, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

PER CURIAM.

The appellant filed a complaint in the District Court against Bertha Madison, et al., appellees, heirs-at-law of James W. Johnson, deceased, seeking specific performance to convey real estate under an alleged parol agreement between James W. Johnson and the appellant.

About May 4, 1940, James W. Johnson, eighty years of age, purchased a residence in the District for $7,500, and took title in his own name. The appellant alleges that Johnson agreed to buy it for him, and further agreed to "leave him the house and premises" in consideration of his caring for Johnson during his lifetime.

At the time of the alleged agreement the appellant was living in a rented room with his wife and childen. Johnson lived in a rooming house, and took his meals at a boarding house. Appellant and his family moved into the house about May 4, 1940. The house was then painted and repaired. Johnson furnished the material and paid for most of the labor. The appellant and his wife did some of the work. Some time later, the appellant furnished a second-hand furnace, value not shown. About the second week in July, 1940, Johnson moved into the house with the appellant and his family, and lodgers, remaining there, except for ten days or two weeks when he was visiting a niece, until his death, August 29, 1940. At first he occupied a front room from which he could see the home in which his wife had died. This made him unhappy, and he stated an intention to sell the property. The appellant made no objection to the threatened sale, but persuaded him to change his room. Johnson continued to take his meals at his usual boarding house, except for a few times when the appellant carried meals to him from the boarding house. He occasionally ate with the appellant and his family. After the alleged contract was entered into, Johnson gave several checks to the appellant, the amounts of which are not shown. No rent was paid during Johnson's life.

The appellant claims that these circumstances remove the operation of the Statute of Frauds [D.C.Code 1940, §§ 12—301, 12—303] that, while designed to prevent fraud, it will not be permitted to work a fraud upon one seeking equitable relief; that equity will not permit the Statute to compel denial of relief when an unconscionable fraud would be perpetrated by its operation.

The appellees contend that the alleged contract was not proved; but that, assuming its proof, equity cannot, under the circumstances here, prevent the operation of the Statute, because of the absence of several equitable ingredients, one of which is that in carrying out the contract, there was an unalterable change in the status of

the appellant resulting in loss, detriment, or disadvantage to him—rather, the appellees urge, it was of distinct benefit to him and his family.

The District Court dismissed the complaint. Judge McGuire's conclusions of law, in part, were:

"That there was no oral contract of the deceased, enforcible in character, which would keep from being operative the Statute of Frauds requiring said contract either to be in writing or to be so substantially performed as that the failure to enforce same would work an inequity upon the party seeking specific performance.

"That the occupancy of the premises by the plaintiff from the beginning of such occupancy until the death of the deceased was in no sense a loss, damage, or inconvenience to the plaintiff, but on the contrary, inured to his benefit.

"The alleged promise of the deceased to give the property to the plaintiff never affected the real estate in question or the title to it in such a manner as would have enabled the plaintiff in a Court of Equity during the lifetime of the deceased James W. Johnson to have prevented him, the deceased Johnson, from disposing of the property in any way he may have deemed proper.

"That the plaintiff had never entered into any such full or exclusive possession of the premises in question, nor performed on his part any such portion of an alleged parol contract as to take the case out of the operation of the Statute of Frauds."

We have carefully considered the record and find no error in it. In our view, to enforce the alleged contract would be inequitable. The judgment of the District Court is amply supported and justified.[1]

Affirmed.

---

[1] Whitney v. Hay, 15 App.D.C. 164, affirmed 181 U.S. 77, 21 S.Ct. 537, 45 L.Ed. 758; Cherry v. Whalen, 25 App.D.C. 537; Brown v. Sutton, 129 U.S. 238, 9 S.Ct. 273, 32 L.Ed. 664; and the opinions in Faunce v. Woods, 55 App.D.C. 330, 5 F.2d 753, 40 A.L.R. 208.